UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN TIMOTHY PRUETT,

    Petitioner,

v.

RANDEE REWERTS, *Warden*,

    Respondent.

Case No. 2:19-cv-11592
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR HABEAS CORPUS [7]**

---

Steven Pruett is serving concurrent prison sentences of 19 to 40 years for two counts of first-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520b. He challenges these convictions in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Respondent seeks to dismiss the petition because it was not timely filed. Pruett argues that he should be permitted to proceed because he is actually innocent.

The Court holds that Pruett fails to make the requisite showing of actual innocence and dismisses the petition as time-barred.

**I.**

In 2013, Pruett was charged with seven counts of first-degree criminal sexual conduct for the sexual assault of his stepdaughter over a six-year period beginning when she was about 10 years old. On May 21, 2013, Pruett pleaded guilty to two counts of first-degree criminal sexual conduct in exchange for the dismissal of the remaining charges and a sentencing agreement of 19 to 40 years' imprisonment. (ECF No. 8-4.) On June 24, 2013, the trial court sentenced Pruett, in accordance with the plea agreement, to 19 to 40 years. (ECF No. 8-5.)

Pruett filed an application for leave to appeal in the Michigan Court of Appeals raising a single sentencing-related claim. The Michigan Court of Appeals denied leave to appeal. *People v. Pruett*, No. 318220 (Mich. Ct. App. Dec. 10, 2013). On May 27, 2014, the Michigan Supreme Court denied leave to appeal. *People v. Pruett*, 846 N.W.2d 569 (Mich. 2014).

Over three-and-half years passed. Then, on January 5, 2018, Pruett filed a motion for relief from judgment in the trial court. The trial court denied the motion. *See People v. Pruett*, No. 13-001756-01 (Wayne County Cir. Ct.) (May 15, 2018 order) (ECF No. 8-7, PageID.298–299). Both state appellate courts denied leave to appeal. *See People v. Pruett*, No. 344777 (Mich. Ct. App. Sept. 20, 2018); *People v. Pruett*, 924 N.W.2d 574 (Mich. 2019).

Pruett then filed the pending petition for habeas corpus in May 2019. Respondent has filed a motion to dismiss the petition on the ground that it was not timely filed. (ECF No. 7.) In response, Pruett argues that his actual innocence excuses any failure to comply with the limitations period. (ECF No. 9.)

**II.**

A one-year limitations period applies to all habeas corpus petitions. *See* 28 U.S.C. § 2254(d). A prisoner must file a federal habeas corpus petition "from the latest" of four dates: (1) the date on which the state-court judgment became final; (2) the date on which an unconstitutional state impediment to filing for federal habeas relief is removed; (3) the date the Supreme Court recognizes a new constitutional right made retroactive and applicable to collateral review; or (4) the date the prisoner discovered new facts that could not have been discovered previously. 28 U.S.C. § 2241(d)(1). In this case, the relevant subsection is § 2244(d)(1).

On direct review, the Michigan Supreme Court denied Pruett's application for leave to appeal on May 27, 2014. Because he did not petition for a writ of certiorari with the United States

Supreme Court, Pruett's convictions became final when the time period for seeking certiorari expired, August 26, 2014. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The limitations period commenced the following day, and continued to run, uninterrupted, until it expired one year later, August 27, 2015. *See id.* (one-year limitations period commences the day after the expiration of the 90-day period for filing a petition for a writ of certiorari). Yet Pruett did not file his habeas petition until May 2019—almost four years after the limitations period expired. And Pruett's motion for relief from judgment does not render the petition timely; while the filing of a state-court motion for collateral review tolls a limitations period, the limitations had long expired by the time Pruett filed his state court motion. So Pruett's petition for habeas corpus is not timely.

Pruett argues that his actual innocence excuses the untimeliness. The Supreme Court has held that a showing of actual innocence overcomes § 2241(d)'s statute of limitations. *McQuiggin v. Perkins*, 568 U.S. 383, 392 (2013). A valid claim of actual innocence requires a petitioner "to support . . . allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "The *Schlup* standard is demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citations omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id*. (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id*. (quoting *Schlup*, 513 U.S. at 329). This

3

standard does not require absolute certainty about the petitioner's guilt or innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*Id.* at 538.

Pruett's convictions resulted from a guilty plea. A petitioner may assert an actual innocence claim for the purpose of equitable tolling, even if his conviction was the result of a plea. *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Under Michigan law, first-degree criminal sexual conduct is committed when there is sexual penetration with another person under one of the enumerated circumstances in the first-degree criminal sexual conduct statute. Mich. Comp. Laws § 750.520b(1). The relevant enumerated circumstance in this case is that the victim was at least 13 but less than 16 years old and the actor is a member of the same household as the victim. Mich. Comp. Laws § 750.520b(1)(b)(i). "Sexual penetration" is defined as: "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body . . . into the genital or anal openings of another person's body[.]" Mich. Comp. Laws § 750.520a(r).

Pruett's actual-innocence argument rests upon a claim that his physical disability rendered it impossible for him to commit the crimes. (ECF No. 9, PageID.393.) Via affidavit he avers that he had "dozens of surgeries to correct his physical disabilities due to cerebral palsy and still has physical disfigurement" and that he "suffers from sexual difficulties that include erectile disfunction that neither surgery or medication can cure." (ECF No. 1, PageID.78.)

The Court need not decide whether Pruett's own affidavit—the only support he provides to substantiate this claim—is sufficient to establish he suffers from erectile disfunction. Even if

4

Pruett's described physical limitation is true, it does not prove his actual innocence. During the plea hearing, Pruett admitted the factual basis for the plea:

> The Court: What happened between 2006 through October 30, 2012, in relationship to—just listen to my question—a [M.G.]? Was that person known to you?
>
> Defendant: Yes.
>
> The Court: That was your stepdaughter, is that correct?
>
> Defendant: Yes. . . .
>
> The Court: Okay. And she was under the age of 13 years old?
>
> Defendant: Yes.
>
> The Court: And did you insert your finger into her genital opening?
>
> Defendant: Yes.
>
> The Court: On more than one occasion?
>
> Defendant: Yes.
>
> The Court: And you did it for sexual gratification, is that correct?
>
> Defendant: Yes.
>
> The Court: And when you say that you inserted it, did your finger go into her vaginal opening?
>
> Defendant: Yes.
>
> * * *
>
> Prosecutor: [Y]our Honor. With respect to the other count, if I may?
>
> The Court: Yes, go ahead.
>
> Prosecutor: Mr. Pruett, sometime when [M.G.] was 14—13, 14, or 15, did you put your penis in her mouth, in Lincoln Park?
>
> Defendant: Yes.

(ECF No. 8-3, PageID.168–169.)

Pruett's argument regarding "his physical disability" is irrelevant to the conviction based upon digital penetration. It similarly has no bearing on the conviction based upon fellatio. Michigan courts have defined fellatio as requiring "entry of a penis into another person's mouth." *People v. Reid*, 233 Mich. App. 457, 480 (1999). Neither Michigan statute nor caselaw imposes a requirement that fellatio requires an erection. Pruett's physical limitations, therefore, do not make

5

it more likely than not that no reasonable jury would have found him guilty. Equitable tolling is unwarranted and the petition is untimely.

III.

The Court GRANTS Respondent's motion to dismiss (ECF No. 7) and DISMISSES the petition for writ of habeas corpus (ECF No. 1). Because no reasonable jurist would debate the Court's procedural ruling, or debate whether the petition states a "valid claim of a denial of a constitutional right[,]" the Court DENIES a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). If Pruett chooses to appeal, he may proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: March 5, 2020

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 5, 2020.

s/Erica Karhoff  
Case Manager to the  
Honorable Laurie J. Michelson
